E. Jeffrey Walsh (SBN 009334)
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone: (602) 445-8000
Facsimile: (602) 445-8100
walshj@gtlaw.com

Ian C. Ballon (SBN 141819) [*pro hac vice*]
Monica A. Hernandez (SBN 280819) [*pro hac vice*]
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
ballon@gtlaw.com
hernandezmo@gtlaw.com

Sarah E. Barrows (SBN 253278) [*pro hac vice*]
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
barrowss@gtlaw.com

***Attorneys for Plaintiff/Counter-Defendant Origami Owl, LLC***

[JOINT FILING – SEE SIGNATURE PAGE FOR DEFENSE COUNSEL'S SIGNATURE]

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Origami Owl LLC, a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>Julie E. Mayo, a single woman, Ann L. Mayo, a single woman, doing business as West Coast Charms and 5th Avenue Pets,<br><br>          Defendant. | **CASE NO.: 2:15-CV-0110-PHX-DGC**<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>District Judge:   David G. Campbell<br>Courtroom:        603 |

JOINT CASE MANAGEMENT REPORT

Pursuant to the Court's Order Setting Rule 16 Case Management Conference dated March 31, 2015, Plaintiff/Counter-Defendant Origami Owl ("Origami Owl" or "plaintiff"), Defendant Julie E. Mayo, Defendant Ann L. Mayo, Defendant 5th Avenue Pets, and Defendant/Counter-Claimant West Coast Charms LLC ("West Coast" and collectively, "the parties") respectfully submit the following Joint Case Management Report in anticipation of the Case Management Conference scheduled for May 15, 2015, at 3:30 p.m., in Courtroom 603, Sandra Day O'Connor U.S. Federal Courthouse, 401 Washington Street, Phoenix, Arizona 85003-2151.

**1. THE PARTIES WHO ATTENDED THE RULE 26(F) MEETING AND ASSISTED IN DEVELOPING THE CASE MANAGEMENT REPORT.**

The following parties attended the Rule 26(f) meeting and assisted in developing the Case Management Report:

**Counsel for Plaintiff:** Ian C. Ballon, Sarah E. Barrows, and Monica A. Hernandez of Greenberg Traurig, LLP.

**Counsel for Defendants:** Steven A. Gibson of the Law Office of Gibson LeGrand LLP.

**2. A LIST OF THE PARTIES IN THE CASE, INCLUDING ANY PARENT CORPORATIONS OR ENTITIES.**

**Plaintiff:** Plaintiff is Origami Owl, LLC. Origami Owl, LLC is a wholly owned subsidiary of Origami Owl Parent, LLC, which is not a publicly traded corporation, and no publicly-held corporation owns 10% or more of its stock. Origami Owl, LLC is a Delaware limited liability company.

JOINT CASE MANAGEMENT REPORT - 2 -

**Defendants:** Defendants are Julie E. Mayo, a single woman doing business as West Coast Charms and 5th Avenue Pets; Ann L. Mayo, a single woman doing business as West Coast Charms and 5th Avenue Pets; and West Coast Charms LLC, a Nevada entity. West Coast has no parent corporation, and no publicly-held corporation owns 10% or more of its stock. 5th Avenue Pets has no parent corporation, and no publicly-held corporation owns 10% or more of its stock.

There are no other parties to this action.

## 3. A SHORT STATEMENT OF THE NATURE OF THE CASE (THREE PAGES OR LESS).

**Plaintiff's Statement:**

This is an action for design patent infringement, trademark infringement, copyright infringement, and unfair competition under federal and common law. Origami Owl sued Julie E. Mayo, a single woman, Ann L. Mayo, a single woman, doing business as West Coast Charms and 5th Avenue Pets, West Coast Charms LLC, a Nevada entity and seeks actual damages, statutory damages, disgorgement of profits, attorneys' fees and costs, and a preliminary and permanent injunction.

Origami Owl creates jewelry products, including charms, floating lockets, lanyard lockets, chains, plates, dangles, tags, bracelets, and earrings. Origami Owl was founded in 2010 by 14-year old Isabella Weems with help from her mother Chrissy Weems. Using money saved from babysitting, Isabella started the Origami Owl business by using lockets and charms to make customized jewelry and selling the jewelry to her friends and family. The lockets were a hit and gained popularity quickly. On February 24, 2011, Origami Owl, LLC filed its Articles of Organization. At that time, Origami Owl's

JOINT CASE MANAGEMENT REPORT - 3 -

products were sold at a kiosk at Chandler Fashion Mall. In late 2011, Origami Owl switched to the Direct Sales Party Plan Model to sell its jewelry over the Internet and through independent consultants, referred to as "Independent Designers." The Independent Designers sell Origami Owl's jewelry at home parties or special gatherings, using the Direct Sales Party Plan Model.

Origami Owl owns a number of trademarks, including the "Origami Owl" (Reg. No. 4,170,416) and "Living Lockets" (Reg. No. 4,307,520) marks, to protect the substantial amount of goodwill associated with its products and distinguish its jewelry creations and collections from products offered by competitors. Origami Owl has also obtained numerous copyright registrations for its product designs, including those attached as Exhibit A to the Amended Complaint, and a design patent for its heart-shaped lockets, including U.S. Patent No. D711,278 (the '278 Patent). Origami Owl has garnered widespread media acclaim and developed a deep connection with its loyal consumer base.

Defendants have a pattern of infringing the marks of legitimate businesses and a judgment against them in the Eastern District of Wisconsin for infringing the intellectual property rights of Harley-Davidson that has resulted in the court ordered transfer of defendants domain name to Harley-Davidson. Defendants offer numerous charms, dangles, tags, and floating lockets substantially similar or identical to Origami Owl's copyrighted and patented designs. Defendants also copy new designs that Origami Owl periodically adds to its copyrighted collection almost immediately after Origami Owl introduces these new products. Defendants have also emulated Origami Owl's trademarks in order to confuse consumers and divert sales. Beginning in late 2012, defendants began

JOINT CASE MANAGEMENT REPORT - 4 -

using "Living Life Lockets" on its websites, and sought to federally register "Living Life Lockets" as a trademark. When defendants' application for registration was denied, defendants unsuccessfully sought to cancel Origami Owl's trademark registration for the "Living Lockets" mark. Defendants induce and encourage third party retailers operating on eBay, Etsy and other websites to sell infringing products, and to use the "Living Life Lockets" mark in connection with those sales.

Defendants' conduct has been willful and in bad faith, and has continued, despite receiving notice of Origami Owl's numerous intellectual property rights and defendants' ongoing infringing activities. Origami Owl disputes defendants' articulation of the facts of the case.

**Defendants' Statement:**

West Coast has brought counterclaims based upon Plaintiff's misconduct in claiming that Plaintiff owns intellectual property rights to creations and inventions Plaintiff did not create or invent, making competitive misrepresentations and using and abusing market power to contravene antitrust laws.  Plaintiff has already amended its complaint to delete causes of action involving intellectual property that it should have never claimed it owned.  However, that amendment did not cure all of the misrepresentations of ownership of various intellectual property assets in Plaintiff's complaint.  Plaintiff also misrepresents the very nature of its existence as a source.  Rather than truthfully portray that the Plaintiff is a company founded, run and likely owned by at least one individual with a criminal history, Plaintiff misrepresents to the consuming public a fictitious story of origination of goods which is competitively

JOINT CASE MANAGEMENT REPORT - 5 -

deceptive.  Finally, Plaintiff uses and abuses market power in contravention of antitrust laws.  With an army of 50,000 so-called "designers" under Plaintiff's exclusive distribution contracts, with over a quarter of a billion dollars of sales and with its self-promoted ability to undercut retail sales by at least 80% (thus effecting supracompetitive pricing), Plaintiff is able to gain and maintain market share at a clearly anticompetitive level while illegitimately leveraging the intellectual property assets of others in bullying competitors through improper litigation to cease using various designs and works.

**4.   THE JURISDICTIONAL BASIS FOR THE CASE, DESCRIBING THE BASIS FOR JURISDICTION AND CITING SPECIFIC JURISDICTIONAL STATUTES.**

The basis for the Court's subject matter jurisdiction over plaintiff's claims is 35 U.S.C. §§ 271 (Design Patent Infringement); 15 U.S.C. § 114 (Trademark Infringement); and 17 U.S.C. § 501 (Copyright Infringement).  The parties agree that jurisdiction in this Court is proper.

**5.   ANY PARTIES WHICH HAVE NOT BEEN SERVED AND AN EXPLANATION OF WHY THEY HAVE NOT BEEN SERVED, AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED.**

Plaintiff will Answer or otherwise respond to Defendant/Counter-Claimant West Coast Charms LLC's Counterclaims on or before May 20, 2015. *See* Docket Entry No. 39. All parties in this action have been served.

**6.   A STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE TO AMEND PLEADINGS.**

**Plaintiff:**

At this time Origami Owl does not anticipate adding parties or amending its pleadings.

JOINT CASE MANAGEMENT REPORT

- 6 -

**Defendants:**

West Coast anticipates that it is reasonably foreseeable that discovery may lead to information concerning individuals in an executive capacity or otherwise employed by the Plaintiff that will be found to be liable for the intellectual property infringements and other wrongdoing alleged in the counterclaims that will justify amendment to the counterclaims.

**7.   A LISTING OF CONTEMPLATED MOTIONS AND A STATEMENT OF THE ISSUES TO BE DECIDED BY THESE MOTIONS (INCLUDING MOTIONS UNDER FEDERAL RULES OF EVIDENCE 702, 703, 704, AND 705).**

**Plaintiff:**

Plaintiff intends to file a motion to dismiss defendants' antitrust counterclaims (claims 9 &10) because Defendant/Counter-Claimant West Coast Charms LLC's ("WCC") has not and cannot allege a relevant market (among other deficiencies in the antitrust counterclaims).

Plaintiff anticipates moving for summary judgment on some or all of the claims in the case depending on facts developed during discovery.

Plaintiff may file Daubert or other expert-related motions under Federal Rules of Evidence 702-705, and one or more motions in limine if the case proceeds to trial. At this time plaintiff does not yet have enough information to anticipate the specific issues that may be addressed in these motions.

**Defendants:**

West Coast anticipates moving for summary judgment on some or all of the claims in the case depending on facts developed during discovery.

JOINT CASE MANAGEMENT REPORT - 7 -

Plaintiff may file Daubert or other expert-related motions under Federal Rules of Evidence 702-705, and one or more motions in limine if the case proceeds to trial. At this time West Coast does not yet have enough information to anticipate the specific issues that may be addressed in these motions.

**8.    WHETHER THE CASE IS SUITABLE FOR REFERENCE TO A UNITED STATES MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE OR TRIAL.**

The parties have agreed to pursue early mediation before a private mediator. If early mediation is unsuccessful, the parties are open to having this matter referred to a U.S. Magistrate Judge for settlement purposes only. The parties do not agree to have this matter assigned to a U.S. Magistrate Judge for purposes of trial.

**9.    THE STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR OTHER JUDGES OF THIS COURT.**

There is a related case pending in the Central District of California:

- *Linx Bracelets, Inc. v. Origami Owl, LLC*, No. 2:14-cv-06799-SVW-JEMx

**10.   A DISCUSSION OF ANY ISSUES RELATING TO DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE PARTIES' PRESERVATION OF ELECTRONICALLY STORED INFORMATION AND THE FORM OR FORMS IN WHICH IT WILL BE PRODUCED.**

The parties agree to work together to identify specific custodians and search terms to locate relevant and responsive electronically stored information ("ESI"), including email. The parties also agree to exchange initial document production on a mutual date, to update their respective productions on a rolling basis, and to mutually produce information in the same format (such as searchable TIFF files with agreed upon metadata like author, date of creation, etc.).

**11.   A DISCUSSION OF ANY ISSUES RELATING TO CLAIMS OF PRIVILEGE OR WORK PRODUCT.**

The parties do not anticipate any issues with claims of privilege or work product. The parties will produce a privilege log identifying any documents, materials or other ESI withheld from production on the basis of privilege and/or work product. The parties agree they are not required to identify any documents, materials or ESI created **after** the date of Origami Owl's initial complaint filed on January 21, 2015.

**12.   A DISCUSSION OF WHETHER AN ORDER UNDER FED. R. EVID. 502(D) IS WARRANTED IN THIS CASE.**

The parties do not believe a Rule 502(d) Order is necessary in this case. The parties do plan to prepare a joint Protective Order/Confidentiality Order that specifies how to identify and handle confidential information, and which will address inadvertently disclosed privileged materials.

**13.   A DISCUSSION OF NECESSARY DISCOVERY, INCLUDING:**

    **a.   Extent, nature, and location of discovery anticipated by the parties.**

    **Plaintiff:**

Plaintiff proposes to stay discovery on WCC's antitrust counterclaims until after the Court rules on Origami Owl's motion to dismiss these counterclaims, which will be filed on May 20, 2015. Plaintiff has no objection to proceeding with discovery on defendants' intellectual property counterclaims (claims 1-8, 11-14).

Plaintiff will seek discovery on the following topics, but reserves the right to seek discovery on additional topics: defendants' application for and registration of the mark and copyrights alleged to be infringed by Origami Owl; defendants' use of the mark and copyrights alleged to be infringed by Origami Owl; defendants' enforcement of their

JOINT CASE MANAGEMENT REPORT - 9 -

trademark and copyright rights; defendants' marketing, advertising, and/or customer development efforts for the mark alleged to be infringed, including defendants' marketing channels; defendants' investigation and discovery of the allegedly infringing activities by Origami Owl; defendants' alleged damages arising from the allegations in the Counterclaims; defendants' annual sales and costs of goods sold bearing the marks and embodying the copyrights alleged to be infringed by Origami Owl; defendants' policies and/or practices with respect to monitoring unauthorized use of defendants' marks and copyrights; defendants' policies and/or practices with respect to notifying third parties of alleged infringements; defendants' licensing practices and activities; any licenses defendants have entered into with respect to its trademarks and copyrights; claims asserted by defendants against third parties similar to the claims and counterclaims asserted in this lawsuit; claims asserted against defendants similar to the claims and counterclaims at issue in this case.

Plaintiff anticipates that most of the relevant discovery in its possession, custody or control will be located at Origami Owl's headquarters in Arizona, and will consist mostly of electronically stored information. Origami Owl will work to identify the appropriate custodians and proposed search terms for ESI to locate responsive and relevant information.

**Defendants:**

West Coast will seek, while reserving the right to expand the scope, discovery on all the issues associated with all affirmative defenses and counterclaims as well as challenging the legitimacy of the allegations in the complaint, including, without

JOINT CASE MANAGEMENT REPORT - 10 -

limitation, on the issues associated with the making of misrepresentations in marketing and before this Court of intellectual property ownership, the anticompetitive conduct associated with same, the anticompetitive conduct giving rise to antitrust liability, the misrepresentations giving rise to Lanham Act liability and all other contested issues in this case.

West Coast anticipates that discovery will likely involve not only information located in West Coast's operating facility in California, but discovery of Plaintiff's information in Arizona as well as third party information across the United States.

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.**

**Plaintiff:**

Plaintiff does not suggest any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**Defendants:**

Defendants do not suggest any change to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**c. The number of hours permitted for each deposition, unless extended by agreement of the parties.**

**Plaintiff:**

Plaintiff proposes a total limit of 40 hours for all depositions in this matter.

JOINT CASE MANAGEMENT REPORT

- 11 -

**Defendants:**

West Coast believes that significant discovery associated with the antitrust issues in particular would make the 40 hour limitation untenable.  West Coast does not see that an expansion beyond 7 hours per deposition is required.

**14. A STATEMENT OF WHEN THE PARTIES EXCHANGED OR WILL EXCHANGE FED.R.CIV.P. 26(A) INITIAL DISCLOSURES.**

The Parties intend to fully and timely comply with initial disclosure requirements and have agreed to serve their initial Rule 26(a) disclosure statements 14 days after the parties' Rule 26(f) conference.

**15. PROPOSED SPECIFIC DATES FOR EACH OF THE FOLLOWING (DEADLINES SHOULD FALL ON A FRIDAY UNLESS IMPRACTICABLE);**

    a. **Completion of Fact Discovery**.

The parties propose a deadline of November 20, 2015 for the completion of fact discovery.

    b. **Disclosure of Expert Testimony under Fed. R. Civ. P. Rule 26(a)(2)**

The parties propose that the party with the burden of proof as to any issue make full and complete expert disclosures on or before January 22, 2016, with full and complete rebuttal expert disclosures due on or before February 26, 2016.

    c. **Completion of All Expert Depositions**.

The parties propose March 25, 2016 for the completion of all expert depositions and close of expert discovery.

JOINT CASE MANAGEMENT REPORT - 12 -

   d. **Good Faith Settlement Efforts**.

The parties propose August 21, 2015 as the deadline for engaging in in-person good faith settlement negotiations.

   e. **Dispositive Motions**.

The parties propose May 20, 2016 as the deadline for filing dispositive motions, recognizing that the Court permits the filing of one dispositive motion per party.

**16.   WHETHER A JURY TRIAL HAS BEEN REQUESTED AND WHETHER THE REQUEST FOR A JURY TRIAL IS CONTESTED.**

The parties request a jury trial.

**17.   THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS.**

The parties have agreed to schedule an early mediation.

**18.   ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED BY FED.R.CIV.P. 1.**

As stated above, Origami Owl proposes a stay of discovery on WCC's antitrust counterclaims (claims 9 &10) until after the court rules on Origami Owl's motion to dismiss because, among other deficiencies, WCC has not and cannot allege a relevant mark. Origami Owl is not proposing that discovery on other claims, including defendant's other counterclaims, be stayed.

/ / / /

| | | |
|---|---|---|
| 1 | | |
| 2 | May 8, 2015 | GREENBERG TAURIG, LLP |
| 3 | | By: */s/ Ian C. Ballon* |
| | | E. Jeffrey Walsh |
| 4 | | Ian C. Ballon |
| | | Sarah E. Barrows |
| 5 | | Monica A. Hernandez |
| | | Attorneys for Plaintiff/Counter-Defendant Origami Owl, LLC |
| 6 | | |
| 7 | May 8, 2015 | GIBSON LeGRAND LLP |
| 8 | | By: */s/ Steven A. Gibson* |
| | | Steven A. Gibson |
| 9 | | Attorneys for Defendants Julie E. Mayo and Ann L. Mayo and Defendants/Counter-Claimant West Coast Charms LLC |

JOINT CASE MANAGEMENT REPORT

- 14 -