1    **WO**

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Orgami Owl, LLC, a Delaware entity,          No. CV15-00110-PHX-DGC

10                          Plaintiff,

11   v.                                           **DEFAULT JUDGMENT**

12   Julie Mayo, a single woman, Ann L. Mayo,
     a single woman, doing business as West
13   Coast Charms and 5th Avenue Pets, West
     Coast Charms, LLC, a Nevada entity,
14
                            Defendants.
15

16         Pursuant to this Court's February 11, 2016 order (Doc. 80), Plaintiff filed a motion

17   for default judgment against Defendant West Coast Charms LLC pursuant to Rule

18   55(b)(2) of the Federal Rules of Civil Procedure.  Doc. 82.  For the following reasons, the

19   Court will grant Plaintiff's motion in part.

20   **I.    Background.**

21         This case is an intellectual property infringement case involving customizable

22   jewelry.  Plaintiff's amended complaint (Doc. 20) alleges claims for patent infringement

23   pursuant to 35 U.S.C. § 271, trademark infringement pursuant to 15 U.S.C. § 1114,

24   copyright infringement pursuant to 17 U.S.C. § 501, federal unfair competition pursuant

25   to 15 U.S.C. § 1125, and common law unfair competition.  On December 18, 2015, the

26   Court held a telephonic hearing to discuss Defendants' then-counsel's motion to

27   withdraw.  Docs. 74; 75; 76.  During the hearing, the Court warned Defendants Julie

28   Mayo and Ann Mayo that their failure to obtain new counsel for Defendant West Coast

Charms by January 22, 2016 would result in a default judgment being entered against West Coast Charms. Defendants failed to obtain new counsel for West Coast Charms as ordered by the Court. On February 10, 2016, the Court held a status conference with the parties explaining to Defendants that default judgment would be entered against West Coast Charms because new counsel had not been retained by the January 22, 2016 deadline set by the Court. Doc. 78. Following the hearing on February 10, 2016, the Court entered an order allowing Plaintiff to file a motion setting forth the specific relief it seeks in the default judgment and directing the clerk to enter default judgment as to West Coast Charms. Doc. 80. On February 25, 2016, Plaintiff filed its motion for default judgment. Doc. 82. No response has been filed.

## II.    Legal Standard.

Once the Clerk has entered default, a plaintiff may request entry of default judgment. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider in deciding whether to grant default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted).

## III.   Analysis.

### A.    *Eitel* Factors.

The first *Eitel* factor weighs in favor of granting default judgment. Plaintiff served process on Defendant West Coast Charms on March 26, 2015. Doc. 31. West Coast Charms filed an answer to Plaintiff's amended complaint on March 30, 2015. Doc. 26.

1    Counsel for Defendants subsequently withdrew from representation.  Docs. 72; 73; 74;
2    75; 76.  The Court permitted the individual Defendants to proceed pro se, but, consistent
3    with this Circuit's precedent, required West Coast Charms to appear through counsel.
4    Given that West Coast Charms has failed to secure new counsel, Plaintiff is stymied in its
5    ability to prosecute this action against West Coast Charms.  If Plaintiff's motion for
6    default judgment is not granted, Plaintiff "will likely be without other recourse for
7    recovery."  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal.
8    2002).

9         The second and third *Eitel* factors favor a default judgment where the complaint
10   sufficiently states a claim for relief.  *See Cal. Security Cans*, 238 F. Supp. 2d at 1175-76;
11   *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978).  A review of Plaintiff's
12   amended complaint shows that Plaintiff has stated valid causes of action against West
13   Coast Charms.  *See* Doc. 20.  Because Plaintiff seeks statutory damages solely on the
14   basis of its copyright claim, the Court will focus on this claim.  Plaintiff is the sole owner
15   of a number of copyrights, which it registered with the United States Copyright Office.
16   Doc. 20 at 9.  Plaintiff owns registered copyrights for eleven separate charm collections,
17   which include over 40 separate charms.  Docs. 20 at 9-10; 20-1 at 1-3.  West Coast
18   Charms sells charms that are substantially similar or identical to Plaintiff's copyrighted
19   charms.  Doc. 20 at 4.  As Plaintiff has released new collections of charms, West Coast
20   Charms has mimicked those designs in its charms.  *Id.*  West Coast Charms has been put
21   on notice of its infringing activity, but has failed to cease this activity.  *Id.* at 4, 9-10.
22   Taking Plaintiff's allegations in its amended complaint as true, Plaintiff has sufficiently
23   stated a claim for copyright infringement under 17 U.S.C. § 501.  The Court is similarly
24   persuaded that Plaintiff has stated valid causes of action for its patent infringement,
25   trademark infringement, federal statutory unfair competition, and common law unfair
26   competition claims.

27        Under the fourth *Eitel* factor, the court considers the amount of money at stake in
28   relation to the seriousness of the defendant's conduct.  *See Cal. Security Cans*, 238 F.

Supp. 2d at 1176-77.  Plaintiff seeks $330,000.00 in statutory damages for its copyright infringement claim – $30,000 for each of the eleven copyrighted works infringed by Defendant West Coast Charms.   Plaintiff does not seek monetary damages for its trademark, patent infringement, federal statutory unfair competition, and common law unfair competition claims.  *See* Doc. 82 at 9-10.  The conduct of West Coast Charms alleged in the complaint – and admitted by the default – it willful, and has occurred over a prolonged period of time even after notice of the infringement.  This factor weighs in favor of granting Plaintiff's motion.

The fifth *Eitel* factor weighs in favor of default judgment.  Given the sufficiency of the complaint and Defendant's default, after which Plaintiff's allegations are accepted as true, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion."  *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

The sixth *Eitel* factor favors default judgment.  West Coast Charms was aware that its failure to obtain new counsel by January 22, 2016 would result in default judgment.  *See* Doc. 75.  The Court clearly explained this in two separate telephonic hearings with Julie Mayo and Ann Mayo, the owners.  Docs. 76; 78.  To date, over two months after the Court's deadline, West Coast Charms has not obtained new counsel.  Defendant's failure to obtain counsel is not due to "excusable neglect."  *Gemmel v. Systemhouse, Inc.*, No. CV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008) (citation omitted).

As for the seventh factor, it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *California Security Cans*, 238 F. Supp. at 1177 (quotation marks and citation omitted).  Defendant's failure to obtain new counsel as directed by the Court to allow this lawsuit to proceed "makes a decision on the merits impractical, if not impossible."  *Id.*  This factor also favors granting Plaintiff's motion.

Considering the *Eitel* factors as a whole, the Court concludes that the entry of default judgment against West Coast Charms is appropriate.  Plaintiff requested two

forms of relief: damages and injunctive relief.

### B.   Damages.

With respect to damages, Plaintiff requests statutory damages, costs, and attorneys' fees.  "It is well settled that a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation."  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).  A district court has "wide latitude" in granting damages under Rule 55 of the Federal Rules of Civil Procedure.  *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005) (citing *In re Frame*, 6 F.3d 307, 310 (9th Cir. 1993)).  The Court has reviewed Plaintiff's motion and supporting documentation, and awards the following damages.

The Court finds that Plaintiff is entitled to $330,000.00 in statutory damages under 17 U.S.C. § 504(c)(1).  Statutory damages are an example of damages that may be awarded without a hearing for a default judgment.  *McComb v. Vejar*, No. 2:14-CV-00941-RSWL-E, 2014 WL 5494017, at *8 (C.D. Cal. Oct. 28, 2014) (citing *Davis*, 650 F.2d at 1161).  Statutory damages serve both compensatory and punitive purposes with the aim of discouraging infringement.  *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998).  District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Id.* (quotation marks and citation omitted).  By statute, the owner of an infringed copyrighted work may recover, in lieu of actual damages, up to $30,000 per infringed work, "as the court considers just."  17 U.S.C. § 504(c)(1).  In the case of willful infringement, the owner may recover up to $150,000 per infringed work.  17 U.S.C. § 504(c)(2).  Although Plaintiff is seeking the maximum allowable amount under section 504(c)(1), Plaintiff has elected not to pursue the higher amount of damages reserved for cases of willful infringement.  As discussed above, Plaintiff alleges willful copyright infringement on the part of West Coast Charms, and those allegations have been admitted by default.  The Court is particularly troubled by what appears to be a pattern of intentional infringement by West Coast Charms.  The Court finds that

awarding the maximum amount of statutory damages under 17 U.S.C. § 504(c)(1) is appropriate to punish West Coast Charms and deter future infringement.

The Court concludes that Plaintiff is entitled to recover costs and attorneys' fees, but finds that Plaintiff is entitled to only $27,768.00 in fees and $101.67 in costs.  Under Rule 54(d) of the Federal Rules of Civil Procedure, a district court has discretion to award a prevailing party its costs and attorneys' fees.  Similarly, by statute, a district court has discretion to award a prevailing party in a copyright infringement case its costs and attorneys' fees by statute.   17 U.S.C. § 505.   Plaintiff requested $83,304.00 in attorneys' fees and $305.01 in costs for its "affirmative claims against defendants." Docs. 82 at 19-22; 82-6 at 2, ¶¶ 3-4.  These fees and costs were incurred in prosecuting its claims against all three Defendants in this matter, not just West Coast Charms.  Some of the requested attorneys' fees and costs were incurred to prosecute Plaintiff's claims against the individual Defendants, not West Coast Charms. *See, e.g.*, Doc. 82-6 at 17 ("Review of written discovery to access remaining discovery needs for affirmative case against Julie and Ann Mayo.").  Plaintiff has obtained a judgment against West Coast Charms, but its claims against Julie Mayo and Ann Mayo remain pending.  Because Plaintiff has obtained a judgment against only one of the three Defendants in this lawsuit, the Court concludes that it should recover one-third of its requested attorneys' fees and costs.  The Court therefore awards Plaintiff $27,768.00 in fees and $101.67 in costs.  This is consistent with the Court's wide latitude in awarding damages for a default judgment. *Elektra Entm't Grp.*, 226 F.R.D. at 394.

The Court finds that no hearing is necessary to determine the amount of damages Plaintiff is entitled to recover. *Davis*, 650 F.2d at 1161.  The Court will award Plaintiff $357,869.67, consisting of $330,000.00 in statutory damages for copyright infringement, $27,768.00 in attorneys' fees, and $101.67 in fees.

**C.   Permanent Injunction.**

Plaintiff also requested a permanent injunction.  An injunction is "an extraordinary remedy never awarded as of right."  *Winter v. Natural Res. Defense Council, Inc.*, 555

- 6 -

U.S. 7, 24 (2008).  A plaintiff seeking a permanent injunction must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  "While '[t]he decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court,' the 'traditional principles of equity' demand a fair weighing of the factors listed above, taking into account the unique circumstances of each case."  *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 880 (9th Cir. 2014) (quoting *eBay*, 547 U.S. at 391, 394).

Plaintiff's requested permanent injunction covers not only West Coast Charms, but also its officers, employees, agents, and those acting in concert with it.  The injunction therefore would apply to Defendants Julie and Ann Mayo, who have not been found liable in this case.  For this reason, the Court declines to enter the injunction proposed by Plaintiffs.

**IT IS ORDERED:**

1.      Plaintiff's motion for default judgment (Doc. 82) is **granted in part and denied in part**.

2.      Default judgment is entered in favor of Plaintiff and against Defendant West Coast Charms on all claims.

3.      Plaintiff is awarded $357,869.67 against West Coast Charms.

4.      Plaintiff's request for injunctive relief is **denied**.

Dated this 11th day of April, 2016.

David G. Campbell
United States District Judge