**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Origami Owl LLC, | No. CV-15-00110-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Julie E Mayo, Ann L Mayo, and West Coast Charms LLC, | |
| Defendants. | |

Defendant Ann Mayo moves for summary judgment against Plaintiff Origami Owl LLC. Doc. 93. Plaintiff has filed a response (Doc. 94) and Defendant has replied (Doc. 97). No party requests oral argument. The Court will deny the motion.

**I.    Background.**

Plaintiff sells low-priced jewelry. Doc. 20, ¶ 13. The jewelry includes lockets, chains, dangles, tags, bracelets, and earrings. *Id.* Defendants West Coast Charms LLC ("WCC"), Julie Mayo, and Ann Mayo are also in the business of ornamental jewelry. *Id.*, ¶ 20. On January 21, 2015, Plaintiff filed this lawsuit claiming design patent infringement under 35 U.S.C. § 271, trademark infringement under 15 U.S.C. § 1114, copyright infringement under 17 U.S.C. § 501, and unfair competition under 15 U.S.C. § 1125. Doc. 20. WCC filed counterclaims against Plaintiff, including allegations of direct copyright infringement, trademark infringement, common law unfair competition, and attempted monopolization in violation of the Sherman Act, 15 U.S.C. §§ 1–2.

Doc. 48, ¶¶ 38–124, 135–141. On February 11, 2016, the Court entered a default judgement against WCC and dismissed its counterclaims. Docs. 80, 81.

## II. Legal Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Discussion.

Defendant Ann Mayo fails to identify each claim, or part of each claim, on which she seeks summary judgment. *See* Doc. 93. She also fails to show an absence of genuine issues of material fact that entitle her to judgment as a matter of law.

Her one-page motion simply denies Plaintiff's allegations. She asserts that "statements made by [P]laintiff's lawyers in [sic] UNTRUE," and that "[t]his is a company full of lies and fraud who is presenting information to the court that is false, trying to incriminate myself, my daughter and destroying West Coast Charms and other companies." *Id*. at 1. These assertions do not show that Plaintiff's claims fail as a matter of law.[1] Defendant fails to cite to any parts of the record that would support her

---

[1] To the extent Defendant's assertions pertain to WCC's dismissed counterclaims, they are not material and will not be considered. *See Anderson*, 477 U.S. at 248.

- 2 -

1 arguments. *See* Docs. 93, 97. She attaches nearly 200 pages of letters, charm pictures, and internet screen shots, but fails to provide the Court with any guidance as to meaning of these exhibits, much less how they support her motion.²

Because Defendant fails to specify the claims on which she seeks summary judgment, and fails to cite parts of the record that support her arguments or establish an absence of a genuine dispute, her motion for summary judgment will be denied.

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 93) is **denied**.

Dated this 22nd day of September, 2016.

_____
David G. Campbell
United States District Judge

---

² Courts need not consider matters "that are not specifically and distinctly argued" in a party's brief, *Miller v. Fairchild Indust., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986), and may refuse to address claims argued only "in passing," *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n. 4 (9th Cir. 2010).